CHANCERY.

*Milam &c. vs. Thomasson.*

Case 65.

Error to the Scott Circuit; JESSE BLEDSOE, Judge.

*Absent defendants. Orders of publication. Parties. Practice in this court.*

June 10.

Judge MILLS delivered the Opinion of the Court.

THIS is a writ of error to reverse a decree in chancery, rendered in a suit, or rather two suits combined, wherein Samuel Thomasson was complainant, and Milam and others were defendants.

Wm. Massie a necessary party.

Whether the facts be as contended for by complainant, or insisted upon by the defendants, William Massie is a necessary party, and so obviously necessary, that it is not deemed expedient to recite the history of the cause, so far as to exhibit the relation in which he stands.

An order for the appearance of an absent defendant on or before the calling of the cause at the next term, is insufficient.

Indeed he is named as a party in the bill, and not being found by process, an order of publication, or rather two of them, were had against him, and were returned as published by the certificate of the editor. But we cannot suppose that these orders are sufficient in their terms, or that the proof of insertion is sufficient. The orders made at one term, fix the appearance day on or before the calling of the cause at the next term. Now a chancery suit has not any day in term, at which it must necessarily be called, or indeed be set for hearing. It depended, therefore, on a contingency, whether there would or would not be a day in the next term, on which the defendant ought to appear; and as it does not appear that the cause was actually called at the next term, there consequently was no day of appearance, and it was erroneous to decree, by default, against the absentee, for not appearing at a day not fixed or pointed out.

The act requires a certain day to be fixed in such an order.

The act of assembly requires a named day in every such order. We admit, that day may be a specified juridical day of a term, but are unwilling to say that the law is satisfied by a day which may or may not happen, even if it should have actually occured. But when there is no evidence that there was any calling of the cause, at the time appointed, it would

be still more absurd to convict the absentee of default.

But the certificate of insertion is insufficient, even if the order was valid. It is indispensible that every such certificate should show that the whole number of insertions took place, between the date of the order and the day of appearance. Here the certificate states barely the number of insertions, without saying when; nor is there any date to the certificate itself. Its terms would be true, if the insertions had all taken place after the appearance day, equally as if they were all before it, and therefore the proof of publication is insufficient.

As this conclusion will open the cause and place it back, at so early a stage of the proceedings, that either party may materially alter the merits by other allegations or proof, before another hearing, we deem it unnecessary to say any thing upon the merits of the controversy.

Decree reversed with costs, and cause remanded for new proceedings, not inconsistent with this opinion, or the rules of equity.

*Talbot* for plaintiff; *Depew* and *Chambers* for defendant.

Milam &c.
vs.
Thomasson.

Certificates of the publication of orders for the appearance of absent defendants must shew that the number of insertions required took place between the date of the order and appearance day.

Necessary parties not being before the court, the discussion of the merits declined.